IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DONNA ARENSDORF,                     §
                                     §
            Plaintiff,               §
                                     §
v.                                   §
                                     §
MARK EVERSON, KEVIN BROWN,           §   CIVIL ACTION NO. H-07-2703
ELLEN DOLBY, MARTIN ARNOLD,          §
JAMES A. GIBSON, STEPHANIE           §
CALISTER, SUE BURTON, LINDA M.       §
SPRINGER, and JOHN DOES NO. 1-10§
                                     §
            Defendants.              §

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Docket Entry No. 29). For the reasons stated below, defendants' motion will be granted.

## I.  **Factual and Procedural Background**

Plaintiff Donna Arensdorf worked for twenty years as a Revenue Officer for the Internal Revenue Service ("IRS") in Houston, Texas.[1] The allegations in the complaint detail Arensdorf's long and turbulent employment history with the IRS. While employed with the IRS, Arensdorf engaged in "whistle blowing activities" to report discrimination, waste, fraud, and abuse perpetrated by other IRS employees.[2]  Arensdorf alleges that because she engaged in

---

[1]Complaint, Docket Entry No. 1, ¶¶ 1-2.

[2]Id. ¶ 2.

these activities she was repeatedly denied promotions;[3] was investigated for theft and arson;[4] had her desk searched twice by IRS or federal law-enforcement officials;[5] and was subjected to various acts of "retaliation" and discrimination, including changes to her responsibilities and working conditions, and ultimately termination.[6]

According to the complaint, the retaliation and discrimination did not cease after Arensdorf was terminated. After her termination from the IRS, Arensdorf applied for retirement benefits. However, she was informed that her retirement application and all of her records had been thrown out and that she was not entitled to any benefits.[7] As of August 21, 2007, those records had not been corrected.[8] Moreover, on August 21, 2007, Arensdorf was notified that her 2005 tax return was being audited.[9]

On August 22, 2007, Arensdorf filed her complaint against the defendants seeking money damages for her injuries. Each defendant was sued only in his or her individual capacity.[10] Arensdorf raised

---

[3] Id. ¶¶ 54, 60.

[4] Id. ¶¶ 50, 55,

[5] Id. ¶¶ 55, 63.

[6] See id. ¶¶ 38, 48-49, 54, 58-61.

[7] Id. ¶ 42.

[8] Id. ¶ 46.

[9] Id. ¶ 47.

[10] Id. ¶¶ 7-14.

claims against the defendants under <u>Bivens v. Six Unknown Named</u>
<u>Agents of Federal Bureau of Narcotics</u>, 91 S.Ct. 1999 (1971),
alleging that the defendants violated her First Amendment free-
speech rights; her Fourth Amendment privacy rights; and her Fifth
Amendment rights to property, due process, and equal protection of
the law.[11]   She also raised a claim of civil conspiracy,[12] and
alleged violations of the Privacy Act of 1974,[13] and of 42 U.S.C.
§ 1985(3) and § 1986.[14]   Defendants then filed their motion to
dismiss, arguing that the court lacks personal jurisdiction over
defendants Everson, Brown, and Springer, and that Arensdorf's
complaint should be dismissed for failure to state a claim.

## II.   <u>Standards of Review</u>

Defendants moved to dismiss Arensdorf's complaint under
Federal Rule of Civil Procedure 12(b)(2) for lack of personal
jurisdiction, and under Rule 12(b)(6) for failure to state a claim
upon which relief can be granted.   When deciding a motion to
dismiss for lack of personal jurisdiction under Rule 12(b)(2)
without a hearing, the court must accept all uncontroverted
allegations in the complaint as true, <u>Brown v. Flower Indus., Inc.</u>,
688 F.2d 328, 332 (5th Cir. 1982), and "resolve all relevant

---

[11]<u>Id.</u> at 14-18.

[12]<u>Id.</u> at 20-21.

[13]<u>Id.</u> ¶ 72, 113-117.

[14]<u>Id.</u> at 18-20.

factual   disputes   in   the   plaintiff's   favor."   <u>Seiferth   v.</u>
<u>Helicopteros Atuneros, Inc.</u>, 472 F.3d 266, 270 (5th Cir. 2006).

Under  Rule  12(b)(6)  all  well-pleaded  facts  are  accepted  as
true and viewed in the light most favorable to Arensdorf. <u>Johnson</u>
<u>v. Johnson</u>, 385 F.3d 503, 529 (5th Cir. 2004).   Moreover, the
pleadings of pro se litigants, such as Arensdorf, must be construed
liberally. <u>Andrade v. Gonzales</u>, 459 F.3d 538, 543 (5th Cir. 2006).
Defendants'  motion  will  be  granted  only  if  it  is  shown  that
Arensdorf "would not be entitled to relief under any set of facts
that [s]he could prove consistent with the complaint." <u>Id.</u>

In support of their Rule 12(b)(6) motion defendants submitted
and relied on materials outside of the complaint.   If a court
relies on matters outside the plaintiff's complaint in deciding a
party's Rule 12(b)(6) motion, "the motion must be treated as one
for summary judgment under Rule 56."   Fed. R. Civ. P. 12(d).
However,  conversion  of  defendants'  Rule  12(b)(6)  motion  is
unnecessary  here  because,  in  deciding  whether  to  dismiss
Arensdorf's complaint, the court is not required to rely on the
matters outside the complaint.   Therefore, the motion will be
disposed of under the usual Rule 12(b)(6) standard.


### III.   <u>Defendants' Motion to Dismiss for Lack of Personal</u>
### <u>Jurisdiction</u>

Defendants Everson, Brown, and Springer argue that this court
lacks personal jurisdiction over them as to Arensdorf's <u>Bivens</u>

claims.[15]  "Because <u>Bivens</u> suits are suits against government officials in their individual, rather than official, capacities, personal jurisdiction over the individual defendants is necessary to maintain a <u>Bivens</u> claim." <u>Robertson v. Merola</u>, 895 F. Supp. 1, 3 (D.D.C. 1995).  The Federal Rules of Civil Procedure permit the court to exercise personal jurisdiction over nonresidents, such as these three defendants, only to the extent permitted by Texas law.  <u>See</u> Fed. R. Civ. P. 4(e)(1), 4(h)(1), 4(k)(1).  Arensdorf has the burden of presenting <u>prima facie</u> evidence supporting jurisdiction. <u>Seiferth</u>, 472 F.3d at 270.

Determining whether a forum has personal jurisdiction over a defendant generally requires a two-step inquiry:  (1) whether the state's long-arm statute confers personal jurisdiction; and (2) whether the exercise of jurisdiction under the long-arm statute would violate a defendant's right to due process.  <u>Id.</u>  However, because the Texas long-arm statute confers jurisdiction to the full extent of due process, the only relevant inquiry in this case is whether exercising personal jurisdiction over the defendants would violate due process.  <u>Johnston v. Multidata Sys. Int'l Corp.</u>, 523 F.3d 602, 609 (5th Cir. 2008).

There are two types of personal jurisdiction:  general and specific.  <u>Seiferth</u>, 472 F.3d at 271.  General jurisdiction is based on contacts that are unrelated to the specific controversy

---

[15]Individual Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, Docket Entry No. 29, pp. 10-15.

and exists when a defendant maintains "'continuous and systematic'" contacts with the forum.  Id.  Specific jurisdiction exists when a defendant's contacts with the forum state arise out of or are related to the controversy.  Id.  Arensdorf has not submitted sufficient evidence to establish that this court has either type of jurisdiction over Everson, Brown, or Springer.

Arensdorf has produced no evidence demonstrating that any of the three defendants have the "substantial, continuous, and systematic" contacts with Texas necessary to establish general jurisdiction.  Johnston, 523 F.3d at 609.  Arensdorf asserts that each of the three defendants "within the scope of their responsibilities" has "had numerous contacts with the forum state through the internet, mail, phone system, property leases, web sites."[16]  However, "vague and overgeneralized assertions [such as these] that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction."  Id. at 610.

Neither are Arensdorf's vague assertions sufficient to warrant a finding that these three defendants are subject to the court's specific jurisdiction.  To establish specific jurisdiction over the defendants, Arensdorf must make prima facie showings that (1) the defendants have minimum contacts with Texas and (2) her causes of action arise out of or result from the defendants' respective

---

[16]Plaintiff's Response to Individual Defendants Motion to Dismiss or in the Alternative for Summary Judgment, Docket Entry No. 32, pp. 10-11.

contacts.   <u>Seiferth</u>, 472 F.3d at 271 (citations omitted).   To satisfy the first prong, Arensdorf must point to some act demonstrating that the defendants purposely directed their activities toward this forum or purposely availed themselves of the privilege of conducting activities here.   <u>Nuovo Pignone, SpA v. STORMAN ASIA M/V</u>, 310 F.3d 374, 378 (5th Cir. 2002).   A plaintiff seeking to subject multiple nonresident defendants to the jurisdiction of a forum state must satisfy the two-pronged burden as to each defendant. <u>See</u> <u>Seiferth</u>, 472 F.3d at 272-76.

Vague assertions that Everson, Brown, and Springer maintained contacts with Texas through the internet, mail, telephone, and property leases do not establish, without more, that the defendants purposely availed themselves of the privileges of conducting activities in this forum.   Moreover, Arensdorf has not explained how these purported contacts gave rise to her <u>Bivens</u> causes of action.   The court thus finds no basis for subjecting Everson, Brown, or Springer to this court's jurisdiction as to these claims.

## IV.  <u>Defendants' Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted</u>.

In their Rule 12(b)(6) motion defendants advance several grounds for the dismissal of Arensdorf's complaint.   First, defendants argue that Arensdorf's claim under the Privacy Act of 1974, 5 U.S.C. § 552a, should be dismissed because it is too vague

and conclusory to state a claim upon which relief can be granted.[17]

Second, defendants argue that Arensdorf's claims under 42 U.S.C. § 1985(3) and § 1986 are precluded by Title VII.[18]   Third, defendants contend that Arensdorf's constitutional claims are preempted or precluded by the Civil Service Reform Act of 1978 ("CSRA").[19]   Fourth, defendants argue that to the extent that Arensdorf has stated a claim, her complaint should be dismissed under the doctrine of qualified immunity.[20]   Each argument will be addressed in turn.[21]

---

[17]Individual Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment, Docket Entry No. 29, p. 24 n.3.

[18]Id. at 24-25.

[19]Id. at 18-20.

[20]Id. at 22-24.

[21]Defendants also argued that Arensdorf's complaint is barred under the doctrine of res judicata because Arensdorf failed to raise her claims in either of two prior lawsuits that she had filed against the Secretary of the Treasury, which have both been concluded by a final judgment against Arensdorf. To establish that a plaintiff's suit is barred under the doctrine of res judicata, a defendant must establish that the parties to the prior and current actions were either identical or in privity. United States v. Davenport, 484 F.3d 321, 326 (5th Cir. 2007). The court agrees with Arensdorf that defendants have failed to make this showing. Defendants have not argued, and indeed cannot argue, that the parties are identical; in her two prior suits, Arensdorf sued the Secretary of the Treasury in his official capacity, not the individual defendants. See, e.g., Individual Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, Docket Entry No. 29, Exhibits 6 & 30. Defendants have also failed to establish that they are in privity with the Secretary. Although the defendants in this action were employees of the IRS during the time relevant to the complaint, this fact -- without more -- does not put them in privity with the Secretary of the Treasury. See Warnock v. Pecos County, Tex., 116 F.3d 776, 778 (5th Cir. 1997) (holding that a district court erred in concluding that two state

**A.    Arensdorf's Claim Under the Privacy Act**

Defendants argue that Arensdorf has failed to state a claim under the Privacy Act.  To allege a violation of the Privacy Act Arensdorf must allege facts indicating that a federal agency willfully or intentionally disclosed a "record" within a "system of records," and that the record's disclosure adversely affected her. Pierce v. Dep't of United States Air Force, 512 F.3d 184, 187-88 (5th Cir. 2007) (construing 5 U.S.C. § 552a(g)).  Although Arensdorf's claim under the Privacy Act is factually deficient on many levels,[22] it is fatally deficient because she has not alleged that a federal agency disclosed a "record,"; she only complains of individuals in their individual capacity.  See Gilbreath v. Guadalupe Hosp. Foundation Inc., 5 F.3d 785, 791 (5th Cir. 1993) (holding that defendant-hospitals would not violate the Privacy Act by disclosing plaintiff's medical records because the defendant-hospitals were not "agencies" within the meaning of the Act); see also Dittman v. California, 191 F.3d 1020, 1026 (9th Cir. 1999)

_____

judges sued in their individual capacities were in privity with a county subject to a prior suit simply because the judges were employees of the county); see also Conner v. Reinhard, 847 F.2d 384, 395 (7th Cir. 1988) ("[C]ourts do not generally consider an official sued in his personal capacity as being in privity with the government."); Headley v. Bacon, 828 F.2d 1272, 1279 (8th Cir. 1987) ("[L]itigation involving officials in their official capacity does not preclude relitigation in their personal capacity.").

[22]The allegations are also insufficient in that they fail to indicate whether the defendants, in disclosing Arensdorf's "information," disclosed a "record" within a "system of records" as defined in the Privacy Act.  See 5 U.S.C. § 552a(a)(4)-(5) (defining "record" and "system of records" respectively).

("[T]he civil remedy provisions of the [Privacy Act] do not apply against private individuals[.]" (internal quotation marks omitted)).  Therefore, Arensdorf's claim under the Privacy Act fails as a matter of law.

**B.   Preclusion of Arensdorf's Claims Under § 1985(3) and § 1986 by Title VII**

Defendants argue that Aresndorf's claims under 42 U.S.C. § 1985(3) and § 1986 are precluded by Title VII.  To the extent that these claims arise out of Arensdorf's employment with the IRS, the court agrees.  To establish a violation of § 1986 a plaintiff must first establish a claim under § 1985. 42 U.S.C. § 1986; Bryan v. City of Madison, Miss., 213 F.3d 267, 276 (5th Cir. 2000) ("[A] valid § 1985 claim is a prerequisite to a § 1986 claim[.]").  To establish a claim of conspiracy under § 1985(3) a plaintiff must allege that (1) the defendants conspired to deprive a person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws, (2) one or more of the defendants acted to further the conspiracy, (3) the plaintiff was injured or deprived of a right or privilege, and (4) the conspirators were motivated by a racial animus.  Horaist v. Doctor's Hosp. of Opelousas, 255 F.3d 261, 270-71 & n.12 (5th Cir. 2001).  However, if the conduct that a plaintiff complains of stems from employment discrimination, the plaintiff's claim is not cognizable under § 1985(3); such claims must be brought under Title VII.  Id. at 270 (citing Great Am. Fed. Sav. & Loan Ass'n v.

-10-

_Novotny_, 99 S. Ct. 2345, 2352 (1979)).  Therefore, to the extent that Aresndorf's claims stem from acts of employment discrimination, she may not use § 1985(3) or § 1986, as a remedy. See _id.;_ _Bryan_, 213 F.3d at 276.  Furthermore, to the extent Arensdorf has raised a claim of discrimination outside of the context of her employment, Arensdorf has failed to state a claim under § 1985(3) because the complaint never alleges a race-based conspiracy.  Arensdorf has therefore failed to state a claim under either § 1985(3) or § 1986.  _Id._ at 271; _Bryan_, 213 F.3d at 276.

## C.    Preclusion of Arensdorf's Constitutional Claims by the CSRA

Defendants argue that all of Arensdorf's _Bivens_ claims are precluded by the CSRA.  Under _Bivens_ "the Constitution can be the sole basis for a private cause of action against a federal official." _Rollins v. Marsh_, 937 F.2d 134, 138 (5th Cir. 1991). However, _Bivens_ actions are not available if there are "'special factors counseling hesitation'" in allowing a plaintiff to pursue a _Bivens_ claim, or "'explicit congressional declaration[s]' that money damages not be awarded."  _Id._ at 138 (quoting _Bivens_, 91 S. Ct. at 2004-06).  The CSRA has been considered a special factor counseling hesitation in allowing a plaintiff to pursue a _Bivens_ claim when the injury plaintiff seeks to remedy arises out of a "personnel action" as defined by the CSRA.  See _Rollins_, 937 F.2d at 138-39; _Bush v. Lucas_, 103 S. Ct. 2404, 2414-17 (1983).

Under the CSRA federal civil-service employees or former employees have a private right of action to seek a correction from

the Merit Systems Protection Board of any "personnel action" taken by a federal employer for "prohibited" reasons.   See 5 U.S.C. §§ 1221(a), 2302.   The CSRA defines "personnel action" broadly to include such actions as disciplinary action, reassignment, performance evaluations, or "any other significant change in duties, responsibilities, or working conditions[.]"   5 U.S.C. § 2302(a)(2)(A)(ii)-(iv), (vii), (xi).   Because the CSRA provides federal civil service employees (or former employees) with extensive procedures and substantive remedies, Bush, 103 S. Ct. at 2406, a plaintiff is precluded from raising a constitutional challenge to a federal employer's action if that challenge is cognizable within the CSRA.   See Rollins, 937 F.2d at 137-39; see also Bush, 103 S. Ct. at 2415-17 (holding that a plaintiff was precluded from asserting a Bivens claim under the First Amendment because the claim was "fully cognizable" within the CSRA).

However, the CSRA does not preclude every conceivable constitutional claim that a federal civil-service employee (or former employee) might raise against an employer.   Not every action by an employer will be covered under the CSRA's definition of "personnel action."   See Bush, 103 S. Ct. at 2415 n.28; Gremillion v. Chivatero, 749 F.2d 276, 278 (5th Cir. 1985).   "[C]ertain actions by supervisors against federal employees, such as wiretapping, warrantless searches, or uncompensated takings, would not be defined as 'personnel actions' within the [CSRA's] statutory scheme."   Bush, 103 S. Ct. 2415 n.28.   Accordingly, in those

instances where a federal civil service employee (or former employee) challenges an employer's action that does not constitute a "personnel action" within the meaning of the CSRA, the employee remains free to challenge such actions under <u>Bivens</u>.  <u>Accord</u>, <u>Weaver v. Bratt</u>, 421 F. Supp. 2d 25, 38-39 (D.D.C. 2006) (holding that the CSRA did not preclude the plaintiff-employee's Fourth or Fifth Amendment claims because the claims were not based on "personnel actions" within the meaning of the CSRA).

In her complaint Arensdorf raised the following constitutional challenges to her termination: (1) she was terminated for her "whistle blowing activities" in violation of her First Amendment free speech rights;[23] (2) she was denied equal protection under the Fifth Amendment because defendants terminated her without a legitimate basis and with an "illegitimate animus";[24] and (3) she was denied her Fifth Amendment right to property without due process when she was terminated.[25]  Because these actions arise out of an employer's personnel action (termination), these claims are precluded by the CSRA and will be dismissed with prejudice. <u>Rollins</u>, 937 F.3d at 138-39; <u>see also</u> <u>Gremillion</u>, 749 F.2d at 278-

---

[23]Complaint, Docket Entry No. 1, ¶¶ 2, 75-78.

[24]<u>Id.</u> ¶¶ 79-83.

[25]<u>Id.</u> ¶¶ 88-99.  Arensdorf also raised a claim under the Fifth Amendment's substantive due process clause, alleging that defendants violated her "right to privacy." <u>Id.</u> ¶ 85.  However, even liberally construed, the court can find no facts within the complaint that, if proven, would support such a claim. Accordingly, to the extent Arensdorf has raised such a claim, it will be dismissed.

80 (holding that an IRS employee's <u>Bivens</u> claims under the First and Fifth Amendments, which arose out of the employee's termination, were precluded under the CSRA).

The CSRA does not preclude all of Arensdorf's constitutional claims, however, because not all of her claims are cognizable within the CSRA.  The complaint alleges that IRS management and federal employees violated Arensdorf's Fourth Amendment rights when they searched her desk and later searched Arensdorf's file cabinet (presumably without permission).[26]  As noted in <u>Bush</u>, an employer's search of an employee's workspace is not covered by the CSRA's definition of "personnel action."  <u>Bush</u>, 103 S. Ct. at 2415 n.28.  Because these claims are not cognizable within the CSRA, the CSRA does not preclude Aresndorf's Fourth Amendment claims.

Nor does the CSRA preclude Arensdorf's <u>Bivens</u> claims under the First and Fifth Amendments that rely on facts that occurred after Arensdorf was terminated.  In arguing that the CSRA precluded all of Arensdorf's claims, defendants construe Arensdorf's constitutional claims too narrowly, as challenging only her termination.  Although some paragraphs of the complaint plainly indicate an intent to challenge the termination,[27] other paragraphs indicate an intent to define the challenged conduct more broadly.[28]

---

[26]<u>Id.</u> ¶¶ 55, 63.

[27]See, e.g., <u>id.</u> ¶¶ 89, 96.

[28]See, e.g., <u>id.</u> ¶ 94 ("Defendants reached an agreement to punish and seek revenge against Plaintiff, that included, <u>among other things</u>, a termination of employment . . . ." (emphasis added)).

-14-

Specifically, the complaint alleges that nearly a year after
Arensdorf was terminated, her retirement application and all of her
records were thrown out, resulting in a loss of retirement
benefits; and that on August 21, 2007, she was notified that her
2005 tax return was being audited.[29]  Liberally construed, these two
post-termination facts could support Arensdorf's First Amendment
retaliation claim, her Fifth Amendment equal protection claim, and
her Fifth Amendment due process claim as to the loss of the
retirement benefits.  Defendants have not cited, and the court has
not found, any authority that would qualify either of these two
post-termination acts as a "personnel action" withing the meaning
of § 2302(a)(2)(A) of the CSRA.  Thus, while there may be other
reasons to dismiss these claims, preclusion under the CSRA is not
one of them.

**D.   Qualified Immunity**

Defendants argue that to the extent that Arensdorf's claims
are not precluded or otherwise subject to dismissal, the court
should dismiss Arensdorf's complaint under Rule 12(b)(6) on the
grounds of qualified immunity.[30]  Because the court has already

---

[29]Id. ¶¶ 2-3, 42, 46.

[30]Although defendants' argument concerning qualified immunity
appears in the summary judgment section of their brief, their
actual argument makes it clear that they did not move for summary
judgment as to qualified immunity; they argued only for dismissal
"pursuant to Fed. R. Civ. Pro. 12(b)(6)[.]"  Individual Defendants'
Motion to Dismiss or in the Alternative for Summary Judgment,
Docket Entry No. 29, p. 24.  Nor did defendants submit any evidence
outside of the complaint as to their qualified immunity argument

concluded that Arensdorf's employment-related constitutional claims are precluded by the CSRA, the court need not address whether defendants are entitled to qualified immunity as to those claims. The court will only address whether the defendants are entitled to qualified immunity as to Arensdorf's Fourth Amendment claim, and as to her First and Fifth Amendment claims that arise out of the alleged loss of her retirement records and the audit of the 2005 tax return.

Once a defendant has raised the affirmative defense of qualified immunity, the plaintiff bears the burden of rebutting it; a government official sued in his or her individual capacity is not required to demonstrate that he or she did not violate the plaintiff's clearly established rights. Bolton v. City of Dallas, Tex., 472 F.3d 261, 265 & n.6 (5th Cir. 2006) (citations omitted). To meet her burden within the context of a motion to dismiss under Rule 12(b)(6), Arensdorf must first demonstrate that she has alleged that the defendants violated a clearly established federal constitutional right. Thompson v. Upshur County, Tex., 245 F.3d 447, 457 (5th Cir. 2001). Such allegations "must be pleaded with

---

that the court could rely upon to convert the Rule 12(b)(6) motion into one for summary judgment. Thus, rather than deciding whether Arensdorf has produced sufficient evidence to raise genuine fact issues about whether the defendants actually violated her constitutional rights, as the court would under the summary judgment standard, see Bolton v. City of Dallas, Tex., 472 F.3d 261, 265-66 (5th Cir. 2006); the court decides only whether Arensdorf's allegations, taken as true, sufficiently allege an objectively unreasonable violation of her clearly established constitutional rights. See Rolf v. City of San Antonio, 77 F.3n 823, 828 (5th Cir. 1996).

factual detail and particularity," and must not be conclusory. Anderson v. Pasadena Indep. School Dist., 184 F.3d 439, 443 (5th Cir. 1999) (internal quotation marks omitted).  A right is "clearly established" when its contours are sufficiently clear such that a reasonable official would understand that his or her actions violated the plaintiff's rights.  Thompson, 245 F.3d at 457. Moreover, to even state a claim under Bivens, Arensdorf must allege facts indicating that each defendant was personally involved in the alleged constitutional violation or that there was a "sufficient causal connection" between the individual defendant's conduct and the asserted constitutional violations.  See Evett v. DETNTFF, 330 F.3d 681, 689 (5th Cir. 2003); see also Alton v. Tex. A & M Univ., 168 F.3d 196, 200 (5th Cir. 1999) ("Only the direct acts or omissions of government officials . . . will give rise to individual liability under [Bivens].").[31]   If Arensdorf's allegations are sufficient, the question then becomes "whether the defendant[s'] conduct was objectively reasonable in light of clearly established law."  Thompson, 245 F.3d at 457.  Defendants' argue that they are entitled to qualified immunity because Arensdorf has failed to establish that the defendants violated her

---

[31]The court recognizes that the claims involved in Evett and Alton were brought under 42 U.S.C. § 1983, rather than under Bivens; however, because "the constitutional torts authorized by each are coextensive," the court does not distinguish between Bivens claims and § 1983 claims.  Izen v. Catalina, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

clearly established federal constitutional rights.   The court agrees.

    1.   <u>Fourth Amendment Claim</u>

A public employee may have a Fourth Amendment right against an unreasonable search of her desk or file cabinet, <u>see</u> <u>O'Connor v. Ortega</u>, 107 S. Ct. 1492, 1497-98 (1987), but Arensdorf's allegations are not pleaded with sufficient particularity to establish that her Fourth Amendment rights were violated. Arensdorf failed to plead specific facts indicating what made the search of her desk "illegal," that she had a privacy interest in the filing cabinet, or that the search was unreasonable in light of all the circumstances.   <u>See</u> <u>id.</u>   To the contrary, the allegations in the complaint indicate that Arensdorf's filing cabinet was searched to obtain "taxpayer files,"[32] something Arensdorf's employer (the IRS) had an interest in searching for and obtaining. The allegations also fail to indicate which of the defendants, if any, were personally involved in the search or decision to search the desk or filing cabinet.   Because Arensdorf has failed to allege that the defendants violated her Fourth Amendment rights defendants are entitled to qualified immunity as to this claim.

---

[32]<u>See</u> Complaint, Docket Entry No. 1, ¶ 63 ("On or about May 15, 1990, management reviewed some taxpayer files and searched the file cabinet belonging to the plaintiff during lunch.   When the plaintiff returned, the files were in complete disarray.").

2.   <u>First Amendment Claim</u>

It is clearly established law that the government may not retaliate against an individual for invoking his or her First Amendment free-speech rights. <u>Rolf v. City of San Antonio</u>, 77 F.3d 823, 827 (5th Cir. 1996). Construed liberally, the complaint alleges that Arensdorf's retirement records were lost and that she was selected for a tax audit because she had exercised her First Amendment right to free speech by engaging in "whistle blowing activities."[33]  Although these allegations, taken as true, allege a violation of Arensdorf's clearly established First Amendment right to free speech, <u>id.</u> at 827-28, they do not sufficiently indicate that each defendant was individually responsible for, or involved in, that violation.  The allegations bear no indication what direct actions the defendants individually took to lose Arensdorf's retirement records or to ensure that Arensdorf was selected for an IRS audit.  Accordingly, Arensdorf's First Amendment retaliation claim is insufficient to allege a claim against any of the defendants.

3.   <u>Fifth Amendment</u>

The allegations supporting Arensdorf's due process and equal protection claims under the Fifth Amendment are also insufficient to overcome the defendants' entitlement to qualified immunity. Arensdorf's due process claim -- that she was denied property

_____

[33] <u>Id.</u> ¶¶ 2, 42, 47, 76.

-19-

(retirement benefits) without due process when her retirement records were lost -- fails because she has not alleged facts indicating that each defendant was directly involved in the alleged deprivation.

Finally, Arensdorf's equal protection claim is deficient not only because she failed to plead with specificity concerning each defendants' respective role in the alleged violation, but also because she has failed to allege on what basis her right to equal protection was violated, i.e., age, race, religion, or gender. Therefore, defendants are entitled to qualified immunity as to Arensdorf's Fifth Amendment claims.[34]

**E.  Leave to Amend**

The Fifth Circuit has declared that "when a complaint does not establish a cause of action in a case raising the issue of [qualified] immunity," a district court should provide the plaintiff with an opportunity to amend the complaint, unless it is apparent that the plaintiff has made his or her "best case," Jaquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986); or unless amendment would be futile, see Price v. Pinnacle Brands, Inc., 138 F.3d 602, 608 (5th Cir. 1998) (holding that futility of amendment is one factor a district court may consider when deciding whether to allow amendment); cf. Todd v. Hawk, 72 F.3d 443, 446 (5th Cir.

---

[34]Because the court has dismissed all of Arensdorf's other claims, her claim of civil conspiracy must also be dismissed.

1995) (reversing a district court's dismissal of a pro se plaintiff's suit and holding that the district court should have given plaintiff an opportunity to amend his complaint to state with greater specificity the degree of personal involvement of each of the defendants).   Therefore, the court will grant Arensdorf an opportunity to amend her complaint, but only as to those claims that do not challenge her termination or other personnel actions; that is, those claims that arise out of the loss of her retirement records and the audit of her 2005 tax return.

The court will not grant Arensdorf a chance to amend her other claims challenging her termination because, as explained above, she is precluded from recovering under any of those claims as a matter of law.   Nor will the court allow Arensdorf to amend her Fourth Amendment claim regarding the search of her desk or file cabinet. The court is not convinced that Arensdorf could present a better case: on their face, these allegations indicate that the IRS searched the cabinet for its own tax files rather than for Arensdorf's personal effects.   Cf. O'Connor, 107 S. Ct. at 1498. Moreover, amendment of the claim would be futile.   A Bivens action is controlled by the state statutes of limitations, Brown v. Nationsbank Corp., 188 F.3d 579, 590 (5th Cir. 1999); and under Texas law "the statute of limitations on a Bivens claim would be two years[.]" United States v. Pena, 157 F.3d 984, 987 (5th Cir. 1998) (citing Aggarawal v. Secretary of State, 951 F. Supp. 642, 649-50 (S.D. Tex. 1996)).   Accordingly, it would be futile to allow

Arensdorf to amend her Fourth Amendment claims because the facts giving rise to those claims occurred nearly twenty years ago.[35]

However, having reviewed the complaint, the court is not prepared to conclude -- at this stage -- that Arensdorf presented her "best case" as to the First and Fifth Amendment claims that arise out of the alleged loss of retirement records or the audit of the 2005 tax return; or that allowing Arensdorf to amend such claims would be futile.  Accordingly, the court will give Arensdorf ten days to amend her First and Fifth Amendment claims that arise out of the purported loss of retirement records and the tax audit.

## V.   Conclusion and Order

Based on the foregoing analysis, defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Docket Entry No. 29) is **GRANTED**.  Defendants Everson, Brown, and Springer are **DISMISSED for lack of personal jurisdiction**.  All claims in the Complaint (Docket Entry No. 1), except for the First and Fifth Amendment claims that arise out of the alleged loss of retirement records and the audit of the 2005 tax return, are **DISMISSED with prejudice**.  Arensdorf has twenty days to amend her complaint concerning these two claims.  If Arensdorf amends the complaint, defendants will be allowed to move for dismissal, or for summary judgment, on the grounds of qualified immunity or any other applicable grounds within twenty days from the receipt of Arensdorf's amended complaint.  It is

---

[35]Complaint, Docket Entry No. 1, ¶ 55, 63.

unlikely that either of these deadlines will be extended.  If no amended complaint is filed within twenty days of this order, the court will enter judgment for the defendants.  The May 30, 2008, initial pretrial and scheduling conference is **CANCELLED**.

      **SIGNED** at Houston, Texas, on this the 27th day of May, 2008.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE