```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


DONNA ARENSDORF,                      §
                                      §
            Plaintiff,                §
                                      §
v.                                    §
                                      §
MARK EVERSON, KEVIN BROWN,            §   CIVIL ACTION NO. H-07-2703
ELLEN DOLBY, MARTIN ARNOLD,           §
JAMES A. GIBSON, STEPHANIE            §
CALISTER, SUE BURTON, LINDA M.        §
SPRINGER, and JOHN DOES NO. 1-10,     §
                                      §
            Defendants.               §
```

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry No. 43). For the reasons stated below, defendants' motion will be granted.

### I.   Factual and Procedural Background

Plaintiff Donna Arensdorf worked for twenty years as a Revenue Officer for the Internal Revenue Service ("IRS") in Houston, Texas.[1] The allegations in the complaint detail Arensdorf's long and turbulent employment history with the IRS. While employed with the IRS Arensdorf alleges that she engaged in "whistle blowing activities" to report discrimination, waste, fraud, and abuse perpetrated by other IRS employees;[2] and that because she engaged

---

[1] Complaint, Docket Entry No. 1, ¶¶ 1-2.

[2] Id. ¶ 2.

in these activities she was repeatedly denied promotions,[3] was investigated for theft and arson,[4] had her desk searched twice by IRS or federal law enforcement officials,[5] and was subjected to various acts of "retaliation" and discrimination, including changes to her responsibilities and working conditions, and ultimately termination.[6] Arensdorf also alleged that the defendants' alleged retaliatory actions continued even after she was terminated.[7]

To obtain relief for these alleged actions Arensdorf filed her original complaint against the defendants seeking money damages for her injuries. Each defendant was sued only in his or her individual capacity.[8] Arensdorf raised claims against the defendants under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 91 S.Ct. 1999 (1971), alleging that the defendants violated her First Amendment free-speech rights; her Fourth Amendment privacy rights; and her Fifth Amendment rights to property, due process, and equal protection of the law.[9] She also

---

[3] <u>Id.</u> ¶¶ 54, 60.

[4] <u>Id.</u> ¶¶ 50, 55.

[5] <u>Id.</u> ¶¶ 55, 63.

[6] <u>See</u> <u>id.</u> ¶¶ 38, 48-49, 54, 58-61.

[7] <u>See</u>, <u>e.g.</u>, <u>id.</u> ¶¶ 42, 46, 47.

[8] <u>Id.</u> ¶¶ 7-14.

[9] <u>Id.</u> at 14-18.

raised a claim of civil conspiracy[10] and alleged violations of the Privacy Act of 1974[11] and of 42 U.S.C. § 1985(3) and § 1986.[12]

Defendants filed a motion to dismiss arguing that the court lacked personal jurisdiction over several defendants and that Arensdorf's complaint should be dismissed for failure to state a claim and on qualified immunity grounds. The court agreed with defendants' arguments, and dismissed Arensdorf's complaint. The court dismissed several defendants for lack of personal jurisdiction and dismissed with prejudice all claims except Arensdorf's First and Fifth Amendment claims that arose out of post-termination events, i.e., the alleged loss of retirement records and the audit of the 2005 tax return. As to those two claims, the court gave Arensdorf leave to amend her complaint to state with greater specificity the degree of personal involvement, if any, of each defendant and to clearly identify how the defendants had violated Arensdorf's clearly established rights.[13]

Arensdorf filed her Amended Complaint on June 27, 2008 (Docket Entry No. 40). Defendants filed their motion to dismiss that complaint shortly thereafter arguing that Arensdorf's amendment did

---

[10] Id. at 20-21.

[11] Id. ¶ 72, 113-117.

[12] Id. at 18-20.

[13] Memorandum Opinion and Order granting Motion to Dismiss or in the Alternative for Summary Judgment, Docket Entry No. 34, pp. 4-22.

not cure her prior deficiencies.  Arensdorf then filed a response to the motion to dismiss.[14]

## II. Standards of Review

Under Rule 12(b)(6) all well-pleaded facts are accepted as true and viewed in the light most favorable to Arensdorf.  Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).  Moreover, the pleadings of pro se litigants, such as Arensdorf, must be construed liberally.  Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006).  Defendants' motion will be granted only if it is shown that Arensdorf "would not be entitled to relief under any set of facts that [s]he could prove consistent with the complaint."  Johnson, 385 F.3d at 529.

## III. Analysis

Defendants argue that the court should dismiss Arensdorf's amended complaint under Rule 12(b)(6) because by failing to allege with specificity how each defendant was personally involved in the alleged offenses, Arensdorf has failed to state a claim on which relief can be granted and because the defendants are entitled to qualified immunity.[15]  To state a Bivens claim Arensdorf must allege

---

[14]Plaintiff's Response to Defendants' Motion to Dismiss Amended Complaint, Docket Entry No. 44.

[15]Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Docket Entry No. 43, pp. 3-4.  As noted in the court's Memorandum Opinion and Order, Docket Entry No. 34, p. 17, whether a plaintiff (continued...)

facts indicating that each defendant was personally involved in the alleged constitutional violation or that there was a "sufficient causal connection" between the individual defendant's conduct and the asserted constitutional violations.  See Evett v. DETNTFF, 330 F.3d 681, 689 (5th Cir. 2003); see also Alton v. Tex. A & M Univ., 168 F.3d 196, 200 (5th Cir. 1999) ("Only the direct acts or omissions of government officials . . . will give rise to individual liability under [Bivens].").[16]

Moreover, once a defendant has raised the affirmative defense of qualified immunity the plaintiff bears the burden of rebutting it; a government official sued in his or her individual capacity is not required to demonstrate that he or she did not violate the plaintiff's clearly established rights.  Bolton v. City of Dallas, Tex., 472 F.3d 261, 265 & n.6 (5th Cir. 2006) (citations omitted). To meet this burden Arensdorf must first demonstrate that she has alleged that the defendants violated a clearly established federal constitutional right.  Thompson v. Upshur County, Tex., 245 F.3d

---

[15](...continued)
has set forth sufficient facts to indicate that a defendant is personally involved in an alleged constitutional violation goes to whether a plaintiff has "even state[d] a claim under Bivens," and is separate from the related issue of whether defendants violated Arensdorf's clearly established rights.

[16] The court recognizes that the claims involved in Evett and Alton were brought under 42 U.S.C. § 1983, rather than under Bivens; however, because "the constitutional torts authorized by each are coextensive," the court does not distinguish between Bivens claims and § 1983 claims.  Izen v. Catalina, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

447, 457 (5th Cir. 2001). Such allegations "must be pleaded with factual detail and particularity," and must not be conclusory. Anderson v. Pasadena Indep. School Dist., 184 F.3d 439, 443 (5th Cir. 1999) (internal quotation marks omitted). A right is "clearly established" when its contours are sufficiently clear such that a reasonable official would understand that his or her actions violated the plaintiff's rights. Thompson, 245 F.3d at 457. If Arensdorf's allegations concerning the defendants' alleged violations are sufficient, the question then becomes "whether the defendant[s'] conduct was objectively reasonable in light of clearly established law." Thompson, 245 F.3d at 457.

The court agrees with defendants that Arensdorf's Amended Complaint should be dismissed because Arensdorf has failed to state a claim and has failed to allege sufficient facts to overcome the defendants' right to qualified immunity. The Amended Complaint contains no factual allegations that would indicate what specific actions the defendants took to either destroy Arensdorf's retirement records or ensure that her 2005 tax return was audited. For example, while Arensdorf alleges that her retirement records were destroyed in violation of her Fifth Amendment rights, she does not identify which of the defendants, if any, took part in this action. In fact, other than in the caption, the Amended Complaint never references a single defendant by name. Arensdorf has therefore failed to set forth allegations that would sufficiently

prove, if accepted as true, that each defendant violated Arensdorf's First or Fifth Amendment rights and has also failed to rebut each defendant's entitlement to qualified immunity.

### IV.  Conclusion and Order

Based on the foregoing analysis, Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry No. 43) is **GRANTED**, and Arensdorf's Amended Complaint (Docket Entry No. 40) is **DISMISSED with prejudice**.

**SIGNED** at Houston, Texas, on this 26th day of August, 2008.

```
                          _____
                                  SIM LAKE
                          UNITED STATES DISTRICT JUDGE
```